IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL L. WALTON, :
        Petitioner :
:
   vs. : CIVIL NO. 1:CV-13-2188
:
SUPERINTENDENT OF D.O.C., et al. : (Judge Caldwell)
:
        Respondents :
:

*M E M O R A N D U M*

I. *Introduction*

      The pro se petitioner, Daniel L. Walton, an inmate at the state correctional institution in Coal Township, Pennsylvania, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Walton's convictions in the Court of Common Pleas of Lackawanna County, Pennsylvania, involving the delivery of a controlled substance, cocaine. Petitioner was sentenced to an aggregate term of imprisonment of six to twelve years.

      The petition raises the following claims for relief: (1) the verdict was against the weight of the evidence when the only evidence against Petitioner was from a confidential informant; (2) the trial court imposed an unreasonable and manifestly excessive sentence when it imposed consecutive sentences "and considered factors either already considered in the sentencing scheme or which did not justify a consecutive sentence, and the elements thereof," (Doc. 1, ECF p. 5); (3) Petitioner is actually

innocent as evidenced by the affidavit of Arthur Loveland, submitted in state postconviction proceedings, which affirmed that Loveland was the actual perpetrator of the offenses; (4) postconviction counsel was ineffective in failing to raise the issues Petitioner presented in his pro se appeal to the Pennsylvania Superior Court from the trial court's denial of his postconviction petition; (5) the trial court erred in allowing postconviction counsel to withdraw and in not holding a hearing on Petitioner's claim that he was actually innocent; and (6) "numerous sub-issues" presented in Petitioner's filings in state court attached to the 2254 petition.  (*Id.,* ECF p. 6).

II.   *Background*

In CP-35-CR-3298-2007 (Pa. Ct. Com. Pl. Lackawanna Cnty.), Petitioner was charged with the following offenses, occurring on March 1, 2007: one count of delivery of a controlled substance (cocaine) in violation of 35 Pa. Stat. Ann. § 780-113(a)(30), one count of possession of a controlled substance (cocaine) with intent to deliver in violation of 35 Pa. Stat. Ann. § 780-113(a)(30), one count of criminal conspiracy in violation of 18 Pa. Con. Stat. Ann. § 903(a)(1), and one count of possession of a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(16).  In CP-35-CR-3301-2007 (Pa. Ct. Com. Pl. Lackawanna Cnty.), he was charged with the same crimes but for offenses occurring on March 2, 2007.

The cases were consolidated for trial, and a jury found Petitioner guilty on all charges.  (Doc. 15-4, ECF p. 3, Pennsylvania Superior Court opinion on direct appeal).  In January 2009, Petitioner was sentenced in No. 3298 to three to six years on

count 1 (delivery of a controlled substance) with the sentence on the remaining counts merging into the sentence on count 1.  In No. 3301, he was also sentenced to three to six years on count 1 with the sentence on the remaining counts merging into the sentence on count 1.  The sentences were ordered to run consecutively to the sentences in the other case for an aggregate sentence of six to twelve years.  (Doc. 15-1, ECF p. 14, Petitioner's brief on direct appeal; Doc. 15-4, ECF p. 3, Pennsylvania Superior Court opinion on direct appeal).

Petitioner took a direct appeal.  He raised two issues.  First, the verdict was against the weight of the evidence because the only evidence implicating him in the crimes was the testimony of a confidential informant.  Second, the sentence imposed was unreasonable and manifestly excessive for two reasons: (1) consecutive sentences were imposed; and (2) the trial court, in imposing the consecutive sentences, considered factors already taken into account in the sentencing scheme or which did not justify a consecutive sentence.  (Doc. 15-4, ECF pp. 3-4).[1]

The Pennsylvania Superior Court rejected both claims.  It ruled that the weight-of-the-evidence claim had been waived because "it is axiomatic that such a claim must be presented to the trial court before sentencing or in a post-conviction motion to preserve it for appeal," citing in part *Commonwealth v. Barnhart*, 933 A.2d 1061, 1066 (Pa. Super. Ct. 2007).  (*Id.*, ECF p. 4).  It ruled that the sentencing claim lacked merit for

---

[1] Specifically, Petitioner argued that the trial court had improperly relied on a prior drug conviction as that conviction had already been used to establish his minimum sentence of three years.  He also argued the trial court had improperly relied on Petitioner's sale of drugs for income rather than to support a habit.  (Doc. 15-2, ECF p. 13).

-3-

the following reasons.  First, a trial court may impose consecutive sentences as part of the discretion conferred upon it in imposing sentence, citing *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. Ct. 2008).  Second, the trial court had before it the presentence report so it could be assumed that the court considered the appropriate factors.  (*Id.*, ECF p. 7).  Third, while the same factors already considered cannot be used to enhance a sentence, citing *Commonwealth v. Goggins*, 748 A.2d 721, 729 (Pa. Super. Ct. 2000)(en banc), Petitioner did not contend that his sentence exceeded the sentencing guidelines, so his argument that the court used improper factors to impose consecutive sentences was simply a repeat of his invalid argument that the court could not impose consecutive sentences.  (*Id.*, ECF pp. 7-8).

      In November 2010, Petitioner filed a pro se petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. § 9541-9546.  (Doc. 1, ECF p. 25).  He raised a single ground for relief: newly discovered evidence from Arthur Loveland establishing that he was innocent of all offenses.  Loveland, then an inmate at the state correctional institution in Pittsburgh, Pennsylvania, affirmed in an affidavit dated April 28, 2010, in pertinent part as follows:

> The criminal charges that Mr. Daniel Walton is convicted of for selling crack cocaine to [the confidential informant] on March 1, 2007 and March 2, 2007 . . . he is NOT GUILTY OF. I know, because it was I, Mr. Arthur Loveland, whom (sic) sold the crack cocaine to [the confidential informant] on March 1, 2007 and March 2, 2007.  Mr. Daniel Walton is a (sic) INNOCENT PERSON.

(Doc. 1, ECF p. 28).

Counsel was appointed to represent Petitioner on his PCRA petition. Under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa. Super. Ct. 390, 550 A.2d 213 (1988), counsel filed a motion to withdraw as Petitioner's attorney. The trial court granted the motion to withdraw and also denied the PCRA petition.

Petitioner appealed, raising two issues. First, his PCRA counsel abandoned him by not pursuing meritorious issues. Second, the trial court erred by allowing counsel to withdraw and by not holding a hearing on the merits of Petitioner's claim. (Doc. 15-6, ECF p. 20, Pennsylvania Superior Court opinion on the PCRA appeal).

The superior court affirmed on the following reasoning. The Loveland affidavit was after-discovered exculpatory evidence. To obtain relief under the PCRA on such evidence, a petitioner had to show, in pertinent part, that it "could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence," citing *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. Ct. 2012). Petitioner had failed to show that the Loveland evidence could not have been obtained before trial in the exercise of reasonable diligence. The claim therefore failed on the merits. It followed that PCRA counsel was not ineffective in moving to withdraw and that the trial court did not err in allowing withdrawal. (Doc. 15-6, ECF pp. 22-23).

Walton then filed the current 2254 petition. We will deal with the claims on the merits.

III.  *Discussion*

      A.  *Petitioner's Claim that the Verdict Was Against the Weight of the Evidence Is Not Cognizable in Federal Habeas*

Petitioner's first claim is that the verdict was against the weight of the evidence when the only evidence against Petitioner was from a confidential informant, a drug addict, who testified that the cocaine was purchased from him. "[A] claim that the verdict is against the weight of the evidence requires the reviewing court to reassess the credibility of the evidence presented at trial." *Lockhart v. Patrick*, No. 06-CV-1291, 2014 WL 4231233, at *22 (M.D. Pa. Aug. 26, 2014). However, federal habeas courts are not permitted to reassess state-court credibility findings. *Id.* (citing *Marshall v. Lonberger,* 459 U.S. 422, 434–35, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983), and *Tibbs v. Florida,* 457 U.S. 31, 37–45, 102 S.Ct. 2211, 2215–2220, 72 L.Ed.2d 652 (1982)). This claim thus fails as it is not cognizable in federal habeas. *Id.*; *see also Miller v. Walsh*, No. 13-CV-3093, 2014 WL 3530762, at *9 (E.D. Pa. July 16, 2014)(weight-of-the-evidence claim is not cognizable in federal habeas)(citing *Tibbs*).

      B.  *The Claim that the Sentence Imposed Was Unreasonable and Manifestly Excessive Lacks Merit*

Petitioner's second claim is that the trial court imposed an unreasonable and manifestly excessive sentence when it imposed consecutive sentences "and

considered factors either already considered in the sentencing scheme or which did not justify a consecutive sentence, and the elements thereof." (Doc. 1, ECF p. 5).

Petitioner must point to some violation of federal law if his challenge to his state sentence is to succeed in federal habeas. *See Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir. 1984)(rejecting challenge to a state sentence when the petitioner did not show that the sentence violated the federal constitution). "As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir. 1984); *Milton v. Graterford*, No. 09-CV-1477, 2010 WL 5060199, at *1 (M.D. Pa. Dec. 6, 2010); *Leary v. Kerestes*, No. 10-CV-5541, 2011 WL 5446839, at *5 (E.D. Pa. April 19, 2011)(magistrate judge's report adopted in 2011 WL 5446699); *Lucas v. Piazza*, No. 07-CV-3556, 2010 WL 3076194, at *4 (E.D. Pa. Aug. 5, 2010). However, a defendant has a due process right not to be sentenced on the basis of legal or factual error. *United States v. Mannino*, 212 F.3d 835, 846 (3d Cir. 2000). He also has an Eighth Amendment right against the imposition of an excessive sentence but only in extraordinary cases. *Martinez v. Stridiron*, 538 F. App'x 184, 190-91 (3d Cir. 2013)(nonprecedential).

We can see no violation here of either of these constitutional rights. We begin by noting that Petitioner's sentence on each of the delivery counts was not in excess of the statutory maximum for the offense of delivery of a controlled substance.[2]

---

[2] We discuss only the delivery counts because the sentences on the other counts merged into these counts.

The offense is a violation of 35 Pa. Stat. Ann. § 780-113(a)(30). The statutory maximum for that offense is ten years. 35 Pa. Con. Stat. § 780-113(f)(1.1). The sentence on each of these counts was three to six years, below the statutory maximum. Nor can we see an Eighth Amendment violation here as an Eighth Amendment violation will generally not be found when the sentence is within the limits set by the legislature. *Martinez*, 538 F. App'x at 191. That consecutive sentences were imposed does not alter our conclusion. See *United States v. Prosper*, 375 F. App'x 190, 198 (3d Cir. 2010)(nonprecedential).

Petitioner's due process claim fails as well. As the superior court explained on direct appeal, under Pennsylvania law the imposition of consecutive sentences is a matter of the trial court's discretion. *Johnson, supra*, 961 A.2d at 880. Further, Petitioner does not point to any legal error in the exercise of that discretion. We observe that Petitioner did argue on direct appeal that the consecutive sentences violated state law, but that argument was rejected by the superior court.

### C. *The Claim of Actual Innocence Is Not Cognizable in Federal Habeas*

Petitioner's third claim is that he is actually innocent of the offenses as evidenced by the affidavit of Arthur Loveland submitted in the state postconviction proceedings which affirmed that Loveland was the actual perpetrator of the offenses.

This claim fails. "It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" *Fielder v. Varner*, 379 F.3d 113,

121 (3d Cir. 2004)(quoting *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993)).  *See also Danner v. Cameron*, 955 F. Supp. 2d 410, 419 (M.D. Pa. 2013).

> D*.  Petitioner's Claim that Postconviction Counsel
>     Was Ineffective and His Claim that the Trial Court
>     Issued Erroneous Rulings in the Postconviction
>     Proceedings Are Not Cognizable in Federal Habeas*

Petitioner's fourth and fifth claims will be treated together.  Petitioner's fourth claim is that postconviction counsel was ineffective in failing to raise the issues Petitioner presented in his pro se appeal to the Pennsylvania Superior Court from the trial court's denial of his postconviction petition.  His fifth claim is that the trial court erred in allowing postconviction counsel to withdraw and in not holding a hearing on Petitioner's claim that he was actually innocent.

Neither claim is cognizable in federal habeas.  *See Cox v. Beard*, No. 12-CV-285, 2014 WL 556236, at *5 (W.D. Pa. Feb. 13, 2014)(since a defendant has no right to counsel in postconviction proceedings, he cannot obtain habeas relief on a claim that postconviction counsel was ineffective); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)(error in state collateral proceedings is not a proper basis for federal habeas relief); *George v. Lamas*, No. 11-CV-1462, 2012 WL 4506077 at *10 (M.D. Pa. Oct. 2,

2012)(claim that trial court erred in dismissing PCRA petition without a hearing was not cognizable in federal habeas).[3]

IV. *The Claim that Trial Counsel Was Ineffective in Not Investigating All Reasonable Lines of Defense and the Loveland Affidavit Exculpating Petitioner*

As noted above, a claim of actual innocence is not cognizable in federal habeas.  In his reply brief, Petitioner vaguely asserted that trial counsel was ineffective in not investigating all reasonable lines of defense.  (Doc. 20, ECF p. 8).  Unlike a claim of actual innocence, ineffective assistance of counsel is a valid federal habeas claim, and a failure to investigate might have stated a claim in regard to the Loveland affidavit.  *See United States v. Outen*, No. 09-CR-170, 2012 WL 2952096, at \*2 (M.D. Pa. July 16, 2012)(Caldwell, J.)(counsel has a duty to make reasonable investigations).  We therefore ordered Petitioner to show, among other things, how counsel was ineffective in not discovering Loveland so that Loveland could have testified at trial.  (Doc. 23, order dated Oct. 2, 2014).

In a supplemental brief, filed December 11, 2014, Petitioner responded to the order.  He supplied us with a page from the trial transcript where the witness who made the drug purchase on one occasion testified that a man by the name of Art or Arthur weighed the cocaine, bagged it, then handed it to Petitioner who handed it to the

---

[3] Ineffective assistance of postconviction counsel in an initial-review collateral proceeding may constitute cause to excuse a procedural default in not raising a claim of ineffective assistance of trial counsel.  *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012).  But here Petitioner is setting forth ineffective assistance of postconviction counsel as a claim for relief, not as cause to excuse a procedural default.

-10-

witness, and then the witness "handed him the money." (Doc. 26, ECF p. 7). According to Petitioner, at this point, counsel should have investigated this "'Art' person as a possible perpetrator of this crime." (*Id.*, ECF p. 2). Petitioner also allegedly informed counsel at this time that the witness had confused Petitioner with Art, "that her testimony regarding chain-of-custody was incorrect" and that Petitioner "was not involved with this transaction." (*Id.*).

        We reject Petitioner's position that this testimony should have alerted counsel to Loveland's role as the sole perpetrator of the crime. The witness plainly testified that Petitioner was present and participated in the transaction. Petitioner's argument that the witness had him confused with Loveland and that Petitioner was not there is meritless. At the top of the transcript page the witness separately confirmed that Petitioner was present.[4] Petitioner has thus not shown that trial counsel was ineffective in not investigating Loveland and this claim fails.

---

    [4] The page reads at the top:

        Q. And this is the defendant here. This is Dan Walton here?

        A. That had his daughter there?

        A. Yes.

        Q. While transactions happened?

        A. Yes.

(Doc. 26, ECF p. 7).

V.  *Conclusion*

We will issue an order denying the section 2254 petition.[5]  The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: January 12, 2015

---

[5]  We note that Petitioner's sixth claim is for "numerous sub-issues" presented in Petitioner's filings in state court attached to the 2254 petition.  We will deny this claim as not being specific.  Vague and conclusory allegations are insufficient for a section 2255 motion. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).